# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEBORAH BEARHS,** *et al.*,

    **Plaintiffs,**

    v.

**STEVEN K. BIERLY TRUCKING
OPERATING COMPANY, INC.,** *et al.*,

    **Defendants.**

Civil Action 2:18-cv-1400
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion to Extend Case Deadline for Amendments to Pleadings and Joinder of Parties (ECF No. 21) and Plaintiffs' Motion to Amend the Complaint (ECF No. 24). For the reasons that follow, Plaintiffs' Motions are **DENIED**.

### I. BACKGROUND

Plaintiffs, Deborah and Ryan Bearhs ("Plaintiffs"), commenced an action against Defendants, Terry Reaser ("Reaser") and Steven K. Bierly Trucking Operating Co., Inc. ("Bierly Trucking"), on October 11, 2018, in the Meigs County Common Pleas Court as the result of a motor vehicle accident that took place on October 13, 2016. Plaintiffs' original Complaint alleged that Deborah Bearhs was injured as a result of Reaser's negligent driving within the scope of his employment and asserted claims for negligence against Reaser and for vicarious liability for Reaser's negligence against Bierly Trucking, Reaser's employer. (Compl., ECF No. 24-1.) Defendants timely removed the case to this Court on November 7, 2018. On March 1,

2019, Plaintiffs obtained new counsel, who then filed Plaintiffs' Motion to Extend the Case Deadline for Amendments to Pleadings and Joinder of Parties (ECF No. 21) and Plaintiffs' Motion to Amend the Complaint. (ECF No. 24.) The proposed Amended Complaint adds new claims for negligent hiring, supervision, training, and entrustment against Bierly Trucking and asserts new demands for punitive damages against Reaser and Bierly Trucking. The Motion for Leave to Amend the Complaint was filed March 29, 2019, before the deadline for pleading amendments passed, but after the statute of limitations for asserting the new negligence claims against Bierly Trucking had run. Defendants contend that Plaintiffs' proposed amendments are futile. (ECF No. 27.)

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Instead, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Plaintiffs' proposed Amended Complaint adds a claim for negligent entrustment and negligent hiring, supervision, retention, and training (collectively, "negligent employment") against Bierly Trucking, and punitive damage claims against Bierly Trucking and Reaser. The Court will address each claim in turn.

**A. Negligent Employment against Bierly Trucking**

In the original Complaint, Plaintiffs' only claim against Bierly Trucking was for vicarious liability for Reaser's negligence. The Amended Complaint includes an additional claim against Bierly Trucking for negligent employment of Reaser. The statute of limitations for these tort claims is two years from the date of the accident. Ohio Rev. Code § 2305.10. The limitations period expired before Plaintiffs moved for leave to file an amended complaint. Plaintiffs argue that because the proposed negligent employment claim "relates back" to the same occurrence the vicarious liability claim stems from, it is not time barred but instead may be added under Federal Rule of Civil Procedure 15(c). (Pls.' Mot. to Am. ¶ 8, ECF No. 24.)

Under Rule 15(c)(1)(B), an amendment to a pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." To determine whether the new claims arise from the same "conduct, transaction, or occurrence," the Court's analysis is not guided by "generic or ideal notions" of what might constitute a "conduct, transaction, or occurrence," but instead by asking "whether the party asserting the statute of limitations defense had been placed on notice that he could be called to answer for the allegations in the amended pleading." *DeBois v. Pickoff*, No. 3:09-CV-230, 2011 WL 1233665, at *7 (S.D. Ohio Mar. 28, 2011) (citations omitted); *see also Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 249 (6th Cir. 2000) (finding relation back when "the two sets of complaints concerned the same time period and the same injuries").

At issue here is whether the vicarious liability claim included in the original Complaint put Bierly Trucking "on notice" that it could be called to answer for a negligent employment claim. If Bierly Trucking had been put "on notice," the otherwise untimely claims advanced in Plaintiffs' proposed Amended Complaint would be saved by relation back to the original

4

Complaint. Defendants correctly point out that the Sixth Circuit has not resolved this issue in the context of vicarious liability and negligent employment claims. (*See* Defs.' Mem. in Opp. 4, ECF No. 27.)

Defendants urge this Court to follow the Middle District of Georgia's analysis in *Trumbull v. FFE Transportation Services*. *Trumbull*, like this case, involved a tractor-trailer accident and the plaintiff sought to amend the original complaint after the statute of limitations had passed. *Trumbull v. FFE Transp. Servs.*, No. 5:09-CV-006, 2009 WL 10675310, at *2 (M.D. Ga. Sep. 11, 2009). The original complaint included only a vicarious liability claim against the trucking company, while the amended complaint would have added negligent entrustment, hiring, and retention claims. *Id.* But because the new claims were "based on facts which arose prior to the time of the accident," and "occurred at a different time and involved separate and distinct conduct from the alleged negligence regarding the vehicle accident," the *Trumbull* court determined that the new claims did not relate back. *Id.* Instead, because the new negligence claims required the plaintiff to "prove completely different facts than the facts needed to recover on his original negligence claims," the *Trumbull* court found the proposed claims were barred by the statute of limitations and therefore denied amendment. *Id.*

This Court finds the *Trumbull* court's analysis persuasive and agrees that a vicarious liability claim does not put an employer on notice for a negligent employment claim.[1] Vicarious liability is liability "imputed secondarily on a party, based upon its relationship to another."

---

[1] The Court was able to locate only one other case directly examining the relation back of negligent hiring claims to vicarious liability claims in the context of a motor vehicle accident. *See McMahon v. Arsenberger Trucking Co.*, No. 17-1242, 2018 WL 4855458 (E.D. Pa. Oct. 5, 2018). Although the *McMahon* court reached the opposite result, the opinion offered no reasoning beyond "the claims relate back to the date of the original pleading—the accident." *Id.* at *7. The Court is not persuaded by this cursory analysis.

*Levin v. Barry Kaye & Assocs.*, 858 F. Supp. 2d 914, 925 (S.D. Ohio Mar. 13, 2012) (citing *McLaughlin v. Residential Commun., Inc.*, 185 Ohio App. 3d 515, 924 N.E.2d 891, 895 (2009)). The vicarious liability of the employer depends on the negligence of their employee; if there is no liability assigned to the employee, there can be no vicarious liability assigned to the employer. *Comer v. Risko*, 106 Ohio St. 3d 185, 190, 833 N.E.2d 712, 717 (2005) (citation omitted). In other words, a vicarious liability claim requires evaluating an employee's actions, not an employer's. A claim for negligent employment, on the other hand, requires evaluating an employer's actions. Negligent employment claims such as negligent hiring, supervision, training, and retention generally have five elements: (1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) the employer's negligence in hiring, supervising, training, retaining or entrusting the employee as the proximate cause of the plaintiff's injuries. *Boyd v. Smith*, No. 2:12-CV-814, 2014 WL 1050080, at *4 (S.D. Ohio Mar. 14, 2014) (quoting *Ford v. Brooks*, No. 11AP-664, 2012 WL 760741 at *6 (2012)). Applied here, the vicarious liability claim Plaintiffs advanced in the original Complaint requires Plaintiffs to establish only that Reaser was negligent while acting as an agent of Bierly Trucking. Plaintiffs' proposed claim for negligent employment would require Plaintiffs to establish that Bierly Trucking had actual or constructive knowledge of Reaser's incompetence and that it was negligent in employing him. Proving these additional elements would require looking at facts that took place before the accident and that are otherwise unrelated to the vicarious liability claim. Because Bierly Trucking was not placed on notice by the original Complaint that it could be called to answer for these allegations, Plaintiffs' new proposed negligent employment claim does not "relate back" under Rule 15(c)(1)(B).

Because there is no relation back, the proposed negligent employment claim is time barred and would not withstand a motion to dismiss. Therefore, the Court **DENIES** the Motion to Amend to add the negligent employment claim against Bierly Trucking as futile.

**B. Punitive Damages against Reaser**

The Court likewise finds Plaintiffs' proposed punitive damage claims against Reaser to be futile. Under Ohio law, punitive damages may be awarded after a plaintiff establishes that "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate." Ohio Rev. Code § 2315.21(C)(1).

Plaintiffs allege no fraud or insult by Reaser, and, as such, any punitive damage claim must rest on "actual malice." "Actual malice" is "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Parker v. Miller*, No. 2:16-CV-1143, 2018 WL 3743981, at *9 (S.D. Ohio Aug. 7, 2018) (quoting *Preston v. Murty*, 32 Ohio St. 3d 334, 334, 512 N.E.2d 1174, 1174 (1987)).

The only factual allegations in the proposed Amended Complaint related to Reaser's negligence are that "[t]he location of the incident was a well-traveled road," and "[t]he location of the incident included residences." (Am. Compl. ¶ 11-12, ECF No. 24-4.) Otherwise, the proposed Amended Complaint resorts to generic, conclusory allegations of negligence such as that Reaser "fail[ed] to have the vehicle he was operating under proper and adequate control." (*Id.* ¶ 13(b).) There are no other statements upon which the Court could rely to conclude that Reaser was acting with actual malice. These allegations are mere "naked assertions devoid of

7

further factual enhancement" and do not make the claim plausible on its face. *Iqbal*, 556 U.S. at 678.

Plaintiffs rely upon *Parker v. Miller* to argue that they have sufficiently pleaded a punitive damage claim. (Pls.' Reply 11, ECF No. 28.) But the facts alleged in *Parker v. Miller* are readily distinguishable. In *Parker v. Miller*, the plaintiff was seated inside a stopped police car when a tractor-trailer struck the police car at nearly 70 miles per hour. *Parker*, 2018 WL 3743981 at *1. At the time of impact, the police car had emergency lights on and there were flares in the roadway. *Id.* The complaint alleged that the driver of the trailer had enough time to see the police car blocking the right lane, or to stop and change lanes, but instead applied the brakes only two seconds before impact, crashing into the back of the car and causing severe injuries to the Plaintiff. *Id.* Plaintiffs do not portray a similar scenario with the facts they allege. At no point in the proposed Amended Complaint do Plaintiffs say how the accident occurred, let alone that an accident did in fact occur. Instead, the proposed Amended Complaint refers to the "within described motor vehicle incident" without describing the incident further. (Am. Compl., ¶ 9, ECF No. 24-4.) Although Plaintiffs compare the present scenario to that in *Parker* because both defendant drivers "had ample time and visibility to stop their vehicles before striking the plaintiff but did not," the Amended Complaint does not support such an assertion. (Pls.' Reply 11, ECF No. 28.)

Accordingly, the claim for punitive damages against Reaser is futile, and Plaintiffs' request to amend their Complaint to add a demand for punitive damages against Reaser is **DENIED.**

**C. Punitive Damages against Bierly Trucking**

Plaintiffs' allegations against Bierly Trucking for punitive damages are similarly lacking. To impose punitive damages on an employer a plaintiff must show either "(1) the employer's

actions directly demonstrated malice, aggravated or egregious fraud, oppression, or insult or (2) where the employer authorized, participated in, or ratified such actions by its employee." *Boyd*, 2014 WL 1050080 at *8 (citing *Estate of Beavers v. Knapp*, 175 Ohio App.3d 758, 779, 889 N.E.2d 181 (2008)). Because the proposed Amended Complaint contains no plausible allegations reflecting that Reaser acted with malice, as discussed *supra*, Bierly Trucking cannot be held liable for punitive damages on the theory it "authorized, participated in, or ratified" actions by Reaser that demonstrated malice. *Kuebler*, 2013 WL 6410608 at *7. Similarly, Plaintiffs' proposed Amended Complaint fails to include plausible allegations upon which the Court could rely to conclude that Bierly Trucking's actions demonstrate fraud, oppression, or insult. Consequently, for the claim to survive, Plaintiffs must plausibly allege that Bierly Trucking's actions were malicious. Because "[m]isconduct greater than mere negligence is required," for punitive damages, a "possibility or even a simple probability of harm occurring 'is not enough as that requirement would place the act in the realm of negligence.'" *Boyd*, 2014 WL 1050080 at *8 (quoting *Preston*, 32 Ohio St. 3d at 334).

In the proposed Amended Complaint, Plaintiffs include ten new allegations against Bierly Trucking. (Am. Compl. ¶¶ 15(a)–(j), ECF No. 24-4.) These new allegations, ranging from "failing to exercise due care generally" to "creating, developing, and/or maintaining methods of compensation that required, permitted, and/or encouraged driving at unsafe speeds for the road and/or traffic conditions," all amount to legal conclusions unsupported by factual allegations. (*Id.* at 5); *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). In a similar case involving a tractor-trailer accident, allegations like these were deemed insufficient. *See Jones v. Praxair, Inc.*, No. 3:15-CV-277, 2016 WL 3582128, at *3 (S.D. Ohio June 28, 2016). In *Jones v. Praxair*, an allegation that there had been a "[failure] to use ordinary care . . .," was insufficient

9

to state a plausible negligence claim because it was "unsupported by any factual allegations that faulty brakes or some other mechanical defect contributed in any way to the cause of the accident . . . ." *Id.* Plaintiffs present the same type of insufficient allegations in their proposed Amended Complaint. These allegations equate to mere legal conclusions unsupported by factual allegations that the Court need not accept as true. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

Apart from these legal conclusions, Plaintiffs also allege Bierly Trucking "has a history of vehicles being pulled out of service after inspections by policing authorities over three times a higher rate than the national average," and "had a past history of drivers being pulled out of service after inspections by policing authorities over five times a rate than the national average." (Am. Compl. ¶ 25–26, ECF No. 24-4.) Although these allegations are more than mere legal conclusions, to survive a motion to dismiss the "factual content" alleged must be that from which this Court, informed by "judicial experience and common sense," could "draw the reasonable inference," that Bierly Trucking was acting maliciously towards Plaintiffs. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679). Although these allegations could lead to an inference that there exists a possibility of harm occurring, misconduct greater than negligence is required. *Boyd*, 2014 WL 1050080 at *8 (quoting *Preston*, 32 Ohio St. 3d at 334). Because the facts alleged cannot lead the Court to draw the reasonable inference that Bierly Trucking was acting maliciously towards Plaintiffs, a claim of punitive damages is not supported. Accordingly, the proposed amendment is futile, and Plaintiffs' request to amend their Complaint to add a demand for punitive damages against Bierly Trucking is **DENIED.**

## IV. CONCLUSION

For foregoing reasons, Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 24) is **DENIED**. As a result, Plaintiffs' Motion to Extend Case Deadline for Amendments to Pleadings and Joinder of Parties (ECF No. 21) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

>/s/ *Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE